1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIA CASTELLANOS,

          Plaintiff,

    v.

LES ZIEVE, et al.,

          Defendants.

Case No. 22-cv-02191-HSG

**ORDER DENYING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

Re: Dkt. No. 7

      Before the Court is Plaintiff Maria Castellanos's application for a temporary restraining order ("TRO"). Dkt. No. 7. Ms. Castellanos is proceeding without counsel. She filed a complaint on April 7, 2022, which alleges wrongful foreclosure with respect to the property located at 203 Meghann Ct., Watsonville, California (the "Property). Dkt. No. 1. Liberally construed, the Complaint alleges that Defendants initiated a non-judicial foreclosure on the Property without legal authorization due to an invalid assignment of rights, rendering the foreclosure void. *See id.* The Complaint alleges wrongful foreclosure and violations of the Fair Debt Collection Practices Act ("FDCPA"), as well as various other claims. *See id.* Plaintiff filed the present TRO to prevent Defendants' trustee sale from occurring on May 26, 2022. Dkt. No. 7. The Court **DENIES** Plaintiff's application because she has not established that she is likely to succeed on the merits of this case.

      A temporary restraining order is an "extraordinary remedy" that the court should award only upon a clear showing that the party is entitled to such relief. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs seeking preliminary relief must establish: (1) that they are likely to succeed on the merits; (2) that they are likely to suffer irreparable harm in the

United States District Court
Northern District of California

1  absence of preliminary relief; (3) that the balance of equities tips in their favor; and (4) that an

2  injunction is in the public interest.  *Winter*, 555 U.S. at 20.

3        Here, Plaintiff has not established that she is entitled to preliminary relief.  Plaintiff's

4  Complaint is difficult to understand, but it appears to assert that the foreclosure provisions of the

5  deed of trust recorded against the Property in September 2006 are not enforceable because the

6  deed was never properly assigned to Defendants.  *See generally* Dkt. No. 1.  It is clear, however,

7  that this is not Plaintiff's first trip to the courthouse to sue to prevent the enforcement of the

8  foreclosure sale provisions in the deed of trust.  Judge Freeman of this court has already dismissed

9  Plaintiff's central claim that Defendants (or their predecessors in interest) violated the FDCPA by

10  using false, deceptive, or misleading misrepresentations to collect on a debt, as well as her claim

11  that they lacked legal authority to initiate a non-judicial foreclosure on her property.  *See*

12  *Castellanos v. Countrywide Bank NA*, No. 15-CV-00896-BLF, 2015 WL 3988862 (N.D. Cal. June

13  30, 2015).  Both claims were dismissed with prejudice.  *Id.*  A California appellate court has also

14  recently sustained the dismissal with prejudice of Plaintiff's wrongful foreclosure claim (as well as

15  many of her other various claims asserted in this case) arising from the same underlying loan

16  transaction and subsequent assignment of rights at issue here.  *See Castellanos v. ZBS L., Inc.*, No.

17  H048935, 2022 WL 189811 (Cal. Ct. App. Jan. 21, 2022).  The full extent of the overlap is likely

18  even greater.  *See Countrywide Bank NA*, 2015 WL 3988862, at *2 ("This case is not Plaintiff's

19  first legal action with regard to this particular debt, and the Court has outlined in detail Plaintiff's

20  prior actions in state court and bankruptcy court in its prior Order denying Plaintiff's motion for a

21  preliminary injunction."),

22        As Defendants correctly note, Plaintiff's repeated attempts to relitigate the same claims

23  against the same parties implicate the doctrine of claim preclusion, which "bars any lawsuits on

24  any claims that were raised or could have been raised in a prior action."  *F.T.C. v. Garvey*, 383

25  F.3d 891, 897 (9th Cir. 2004) (citations omitted).  Plaintiff was a party to all the prior actions and

26  has offered no reason why she could not adequately litigate her claims in each of them.  And the

27  claims Plaintiff asserts here "arise out of the same transactional nucleus of facts" as the ones that

28  have been previously denied by final judgments on the merits.  *See Owens v. Kaiser Foundation*

United States District Court
Northern District of California

*Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).  The Court accordingly finds that Plaintiff has not shown that she is likely to prevail in this lawsuit and **DENIES** her application for a TRO.

Relatedly, Plaintiff also seeks leave to record a notice of *lis pendens*.  Dkt. No. 8.  A lis pendens is a recorded document giving constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice.  *BGJ Assocs., LLC v. Superior Ct.*, 75 Cal. App. 4th 952, 966, 89 Cal. Rptr. 2d 693 (1999) (citations omitted).  Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged.  *Id.*  Accordingly, lis pendens is a provisional remedy which should be applied narrowly.  *Id.*

Federal courts look to the law of the state where the property resides in matters concerning *lis pendens*.  *See* 28 U.S.C. § 1964.  Under California law, the only way an individual in *pro per* can record a notice of pendency of action is with the approval of a judge.  Cal. Civ. Proc. Code § 405.21.  The recording party must demonstrate that her pleading contains a "real property claim" and establish "by a preponderance of the evidence the probable validity of the real property claim."  *Id.* §§ 405.31, 405.32.  Probable validity "means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim."  *Id.* § 405.3.  For the reasons explained above, the Court is not persuaded that Plaintiff is likely to obtain a judgment against Defendants for any of her claims.  Her request for leave to file a notice of *lis pendens* is also denied.

**IT IS SO ORDERED.**

Dated: May 25, 2022

HAYWOOD S. GILLIAM, JR.
United States District Judge