UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA CASTELLANOS,<br><br>    Plaintiff,<br><br>v.<br><br>LES ZIEVE, et al.,<br><br>    Defendants. | Case No. 22-cv-02191-HSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S APPLICATION FOR A TRO AND MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 14, 34, 35, 37, 38 |

Pending before the Court are Defendants' motion to dismiss (Dkt. No. 14, "Motion to Dismiss"), Plaintiff's motion for summary judgment (Dkt. No. 34), Plaintiff's motions for temporary injunction (Dkt. Nos. 35, 38)[1], and Plaintiff's administrative motion to have her December 30, 2022 amended petition deemed timely (Dkt. No. 37). Plaintiff is proceeding without counsel. The Court finds the pending motions appropriate for disposition without oral argument and deems them to be submitted. Local Rule 7-1(b). For the reasons set forth below, Defendants' motion to dismiss is **GRANTED** and Plaintiff's motion for summary judgment and two motions for temporary injunction are **DENIED**. Plaintiff's administrative motion to have her amended petition deemed timely is **TERMINATED AS MOOT**.

**I.    DEFENDANTS' MOTION TO DISMISS**

    **A.    Legal Standard**

The Ninth Circuit has held that "[r]es judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the

---

[1] Dkt. Nos. 35 and 38 are nearly identical with the exception that Dkt. No. 38 refers to the application as an "ex parte emergency motion for temporary injunction" instead of an "emergency motion for temporary injunction." There is no substantive difference between the two filings and they are both referred to in this order as the "TRO."

prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.1997)). "The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Id.* (internal quotations omitted).

## B. Discussion

Ms. Castellanos filed a complaint on April 7, 2022, which alleges wrongful foreclosure with respect to the property located at 203 Meghann Ct., Watsonville, California (the "Property). Dkt. No. 1. Liberally construed, the Complaint alleges that Defendants initiated a non-judicial foreclosure on the Property without legal authorization due to an invalid assignment of rights, rendering the foreclosure void. *See id.* The Complaint alleges wrongful foreclosure and violations of the Fair Debt Collection Practices Act ("FDCPA"), as well as various other claims. *See id.* Plaintiff's Complaint is difficult to understand, but it appears to assert that the foreclosure provisions of the deed of trust recorded against the Property in September 2006 are not enforceable because the deed was never properly assigned to Defendants. *See generally* Dkt. No. 1.

This is far from Plaintiff's first lawsuit to prevent the enforcement of the foreclosure sale provisions in the deed of trust. Judge Freeman of this court has already dismissed Plaintiff's central claim that Defendants (or their predecessors in interest) violated the FDCPA by using false, deceptive, or misleading misrepresentations to collect on a debt, as well as her claim that they lacked legal authority to initiate a non-judicial foreclosure on her property. *See Castellanos v. Countrywide Bank NA*, No. 15-CV-00896-BLF, 2015 WL 3988862 (N.D. Cal. June 30, 2015).[2] Both claims were dismissed with prejudice. *Id.* A California appellate court has also recently sustained the dismissal with prejudice of Plaintiff's wrongful foreclosure claim (as well as many

---

[2] Defendants ask the Court to take judicial notice of certain filings in Ms. Castellano's other state and federal cases. *See* Dkt. No. 14-2. The Court takes judicial notice of these filings, Dkt. No. 14-2, Exhibits F-P. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc*., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (stating that courts "may take judicial notice of court filings and other matters of public record"). Defendants also ask the Court to take judicial notice of several property and financial documents, Dkt. No. 14-2, Exs. A-E. The Court does not need to consider these documents to resolve this motion and thus need not take judicial notice of them.

of her other various claims asserted in this case) arising from the same underlying loan transaction and subsequent assignment of rights at issue here. *See Castellanos v. ZBS L., Inc.*, No. H048935, 2022 WL 189811 (Cal. Ct. App. Jan. 21, 2022). The full extent of the overlap is likely even greater. *See Countrywide Bank NA*, 2015 WL 3988862, at *2 ("This case is not Plaintiff's first legal action with regard to this particular debt, and the Court has outlined in detail Plaintiff's prior actions in state court and bankruptcy court in its prior Order denying Plaintiff's motion for a preliminary injunction."); *see also* Motion to Dismiss at 3 (describing the 2014 Santa Cruz County Superior Court action).

Even focusing on just the *Countrywide Bank NA* and the *ZBS L., Inc.* cases, the present case is barred on res judicata grounds because all three elements are met.

### i. Identity of Claims

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Owens*, 244 F.3d at 714 (9th Cir. 2001) (internal quotations omitted). "It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003).

As Defendants point out, the "relevant 'transactional nucleus of facts' governing the claims that could have been brought by Castellanos encompasses the 2006 deed of trust securing her loan, the assignment of that deed of trust in 2011, and the question of how that assignment impacted, if at all, the substitutions that ultimately placed ZBS as the trustee under the deed of trust." Motion to Dismiss at 7. In her amended petition (Dkt. No. 33),[3] Plaintiff argues that:

> Defendants have yet in any of the three prior actions even attempted to prove-up standing to service or foreclose Plaintiff's note deed-of-trust. So, to that end, this demand that Defendant's prove-up standing has-not, and is-not and cannot be barred by the doctrine of res-judicata.

---

[3] Plaintiff filed an administrative motion to have her amended petition deemed timely (Dkt. No. 37). The Court considered the amended petition for the purposes of this order as if it had been timely filed.

Dkt. No. 33 at 4. Even construed liberally, this does not change the calculus because any question regarding Defendants' rights to foreclose on the property would arise out of the same transactional nucleus of facts as the *Countrywide Bank NA* and the *ZBS L., Inc*. actions.

### ii.  Final Judgment on the Merits

As Defendants point out, both the *Countrywide Bank NA* and the *ZBS L., Inc*. cases proceeded to final judgment on the merits: judgment was entered following the ruling on the 12(b)(6) motion (Dkt. No. 14-1 ("Shaughnessy Decl."), Ex. K, Dismissal) in the *Countrywide Bank NA* action, and judgment was entered following the demurrer in the *ZBS L., Inc*. action (Shaughnessy Decl., Ex. O, Dismissal). *See* Motion to Dismiss at 9.[4]

### iii.  Identity or Privity Between Parties

Ms. Castellanos was a party in both the *Countrywide Bank NA* and the *ZBS L., Inc*. actions so there is identity between the plaintiffs in the three cases.

There are four entities involved in this case: 1) Bayview Loan Servicing LLC ("Bayview"), 2) ZBS LAW, LLP ("ZBS"),[5] 3) Newrez, LLC ("Newrez"), and 4) Shellpoint Mortgage Servicing ("Shellpoint"). Bayview and ZBS were parties in the *ZBS L., Inc*. action so the privity requirement is clearly satisfied as to these two parties. (Shaughnessy Decl., Ex. L, Complaint in *ZBS, L., Inc.* action).

The privity requirement is also satisfied as to the other two entities. "Even when the parties are not identical, privity may exist if there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." *Tahoe-Sierra*, 322 F.3d at 1081 (internal quotations omitted). Defendants represent that NewRez acquired Bayview while the last action was pending. Motion to Dismiss at 2. As a result, there is "sufficient commonality of interest" between NewRez and Bayview, a party to the *ZBS L., Inc.* action. To the best of the Court's understanding based on the filings of both parties, Shellpoint is a name under which NewRez does business. *See* Complaint at 1 (listing Kevin Harrigan as CEO of "Newrez, LLC DBA Shellpoint

---

[4] As Defendants point out, Plaintiff filed this case essentially two weeks after the California Court of Appeals decision affirming the demurrer became final. Shaughnessy Decl. at 419-429.

[5] Ms. Castellanos refers to "ZBS Law Group" in her complaint but Defendants indicate that this is not the correct name. Notice of Motion to Dismiss, Dkt. No. 14 at 1.

Mortgage"); Notice of Motion to Dismiss, Dkt. No. 14, at 2 (listing "NEWREZ, LLC d.b.a Shellpoint Mortgage" as a defendant). For this reason, the Court finds that there is also privity as to Shellpoint.[6]

The Court finds that all three of the required elements for res judicata are present. The Court also finds that "the pleading could not possibly be cured by the allegation of other facts," *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted), given the lengthy history of Plaintiff's repeated and unsuccessful lawsuits raising the same core claim. The Court thus **GRANTS WITHOUT LEAVE TO AMEND** Defendants' motion to dismiss (Dkt. No. 14).[7]

## II. PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION

Plaintiff filed the present TRO to prevent Defendants' trustee sale from occurring on January 5, 2023. Dkt. Nos. 35, 38.

A temporary restraining order is an "extraordinary remedy" that the court should award only upon a clear showing that the party is entitled to such relief. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001); *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). Plaintiffs seeking preliminary relief must establish: (1) that they are likely to succeed on the merits; (2) that they are likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in their favor; and (4) that an

---

[6] Defendants also list "David Ertel, an individual" as a defendant in their notice of motion. Notice of Motion to Dismiss, Dkt. No. 14, at 2. Plaintiff does not mention Mr. Ertel in her Complaint, but refers to him in the motion for summary judgment and request for TRO without saying who he is. Because Plaintiff did not name Mr. Ertel as a defendant, and because nothing about him makes a difference in the Court's analysis, the Court does not need to consider him further.

[7] In addition to the entity Bayview, Plaintiff identifies three individuals in the caption of her Complaint: 1) Les Zieve, who she lists as Owner of "ZBS Law Group", 2) Kevin Harrigan, who she lists as CEO of Newrez, LLC, and 3) Jack Navarro, who she lists as CEO of Shellpoint Mortgage Servicing. Complaint at p.1. Plaintiff cannot avoid the res judicata effect of the dismissal of her earlier claims against the entities by now purporting to name individual owners or executives of those companies. To the extent a foreclosure is set to occur, it presumably will be executed by one or more of the entities she has already unsuccessfully sued, meaning that these executives or owners share a "sufficient commonality of interest" with those entities. As Plaintiff's "amended petition" makes clear, her claim is that the current individual defendants, who were not named as defendants in the earlier cases, have somehow personally failed to "prove up" standing to service or foreclose on the deed. But multiple courts have definitively rejected her core claim here that the entities lack standing to foreclose on the Property.

injunction is in the public interest. *Winter*, 555 U.S. at 20.

The Court **DENIES** Plaintiff's TRO (Dkt. Nos. 35, 38) because, as the motion to dismiss has been granted, Plaintiff necessarily cannot show that she is likely to succeed on the merits.

### III.  PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff filed a motion for summary judgment asking that the Court deny Defendants' claims against Plaintiff and that "Defendants be barred from any further collection or foreclosure actions and be required to pay compensatory damages in the amount of $5.6 million dollars and costs of court." Dkt. No. 34 at 3. Plaintiff's motion for summary judgment is **DENIED** because the case has been dismissed on res judicata grounds.

### IV.  PLAINTIFF'S ADMINISTRATIVE MOTION TO HAVE PLAINTIFF'S FIRST AMENDED TO ORIGINAL PETITION DEEMED TIMELY

The Court considered Plaintiff's amended petition (Dkt. No. 33) as if it had been timely filed when considering the motion to dismiss. The Court **TERMINATES AS MOOT** Plaintiff's administrative motion (Dkt. No. 37).

### V.  CONCLUSION

Defendants' motion to dismiss (Dkt. No. 14) is **GRANTED** and Plaintiff's motion for summary judgment (Dkt. No. 34) and two motions for temporary injunction (Dkt. Nos. 35, 38) are **DENIED**. Plaintiff's administrative motion to have her amended petition deemed timely (Dkt. No. 37) is **TERMINATED AS MOOT**.

The Clerk is **DIRECTED** to enter judgment in favor of Defendants and to close the case.

**IT IS SO ORDERED.**

Dated:   1/4/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge